IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BOBBY GENE SITZES II,

        Petitioner,    :        Case No. 3:25-cv-141

   - vs -                      District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                  :
        Respondent.

## DECISION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR STAY

This is an action brought pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus; Petitioner seeks release from confinement imposed by the Clark County Court of Common Pleas in a criminal action (Petition, ECF No. 1). The case is before the Court on Petitioner's Motion for a stay of these proceedings pending the outcome of his petition for post-conviction relief in the Clark County court.

Petitioner avers that he filed his petition under Ohio Revised Code § 2953.21 on April 29, 2024, but that it has not yet been decided (ECF No. 4). He asserts that under Ohio Crim. R. 35(C) the Common Pleas Court has a duty to decide such petitions within 180 days of filing. *Id.* Upon an initial reading of that Rule, Petitioner appears to be correct.

Upon the filing of the Petition in this Court, the undersigned ordered Respondent to answer and file the State Court Record within sixty days (ECF No. 2). Those documents have not yet

1

been filed and Respondent's time to do so will not expire until July 7, 2025. Staying the proceedings at this point would delay indefinitely the filing of the State Court Record which is the set of documents which gives the case its context. The Magistrate Judge wants to see the State Court Record before considering any stay. Accordingly, the Motion for Stay is DENIED without prejudice to its renewal after the State Court Record is filed.

While Petitioner is free to renew the motion at that time, he may wish to consider an alternative approach. The exhaustion doctrine is in place to allow the state courts in any case a full opportunity to consider and decide any constitutional questions later presented to the habeas court. It is an exercise in comity between the state and federal courts. However, if the state courts for whatever reasons delay too long in deciding the question, federal law allows the habeas court to excuse the lack of exhaustion. If a state court delays well beyond the time allowed by its own jurisprudence in deciding a constitutional question, exhaustion can be excused. The Court is not prepared to decide that question at this point, particularly without having a response from the State. But Petitioner may wish to consider this alternative way of proceeding after the State Court Record is filed.

May 19, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge