# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BOBBY GENE SITZES II,

       Petitioner,  :      Case No. 3:25-cv-141

  - vs -      District Judge Thomas M. Rose
                     Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                     :
       Respondent.

## DECISION AND ORDER GRANTING PETITIONER'S THIRD MOTION FOR STAY

      This is an action brought pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus; Petitioner seeks release from confinement imposed by the Clark County Court of Common Pleas in a criminal action (Petition, ECF No. 1). The case is before the Court on Petitioner's Third Motion for Stay and Abeyance of these proceedings pending the outcome of his petition for post-conviction relief in the Clark County Court (ECF No. 13).

      Petitioner twice previously sought a similar stay, averring that he filed his petition under Ohio Revised Code § 2953.21 on April 29, 2024, but that it had not yet been decided (ECF No. 4). He asserted that under Ohio Crim. R. 35(C) the Common Pleas Court has a duty to decide such petitions within 180 days of filing. *Id.* Upon an initial reading of that Rule, Petitioner appeared to be correct.

      Upon the filing of the Petition in this Court, the undersigned ordered Respondent to answer.

1

The prior Motions to Stay were denied without prejudice to their renewal after the Respondent filed the State Court Record. That has now occurred and the State Court Record confirms that Petitioner filed a petition for post-conviction relief on April 29, 2024, which has not yet been ruled on.

Given the opportunity to comment on this Court's granting a stay or waiving exhaustion of the post-conviction remedy, Respondent advises the State "does not oppose a stay for the state trial court to resolve Sitzes's petition for postconviction relief." (Return, ECF No. 11, PageID 803).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269 (2005). However, in recognizing that authority, the Supreme Court held:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.* at 277-278. "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id.* It also directed

2

district courts to place reasonable time limits on the petitioner's trip to state court and back.  The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F.3d 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

Based on the agreement of the parties, these proceedings are STAYED pending Petitioner's exhaustion of available state court remedies, to wit, his Petition form Post-Conviction Relief under Ohio Revised Code § 2953.21 and any appeal from an adverse decision.  However, the Court reserves authority to vacate the stay and proceed if the state court persists in not deciding that matter.  Granting the stay is a matter of comity, not right.

Respondent shall file a status report on the pending state court petition not later than November 1, 2025, and every sixty days thereafter.

August 13, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge